UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HERMAN BALLAY, JR. | CIVIL ACTION |
| VERSUS | NO. 06-8728 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL | SECTION "N" (3) |

# ORDER AND REASONS

Before the Court is a Motion to Remand filed by plaintiff, Herman Ballay, Jr. (hereafter referred to as "Ballay" or "Plaintiff"). Defendants State Farm Fire and Casualty Company ("State Farm"), Eddie Trascher ("Trascher"), Marvin McCardle ("McCardle") and James Allgood ("Allgood") oppose the Motion to Remand.

This is yet another first party insurance claim filed by the insured as a result of damages suffered during and after Hurricane Katrina on August 29, 2005. Ballay's property at 29289 Highway 23, Port Sulphur, Louisiana 70083, in the Parish of Plaquemines, State of Louisiana, was the subject of insurance policy no. 18-BD-3776-8, issued by State Farm. On August 29, 2006,

1

Ballay filed suit in the 25th Judicial District Court in and for the Parish of Plaquemines, naming as defendants State Farm, as well as three insurance adjusters (Trascher, McCardle and Allgood).

State Farm removed this matter, claiming federal jurisdiction under the Multi-Party, Multi-Forum, Trial Jurisdiction Act of 2002 ("MMTJA"), 28 U.S.C. § 1369; and, alleging improper joinder of the insurance adjusters against whom no cause of action lies, diversity jurisdiction pursuant to 28 U.S.C. § 1332.

For the reasons stated herein, Plaintiff's motion is **GRANTED**.

## LAW AND ANALYSIS

**A.     MMTJA**

This Court has repeatedly rejected assertions of broad federal jurisdiction pursuant to 28 U.S.C. § 1369 generally arising out of Hurricane Katrina.  See *Bode v. State Farm Fire & Casualty Co.*, No. 06-3202 (E.D. La. Nov. 2, 2006); *Fidelity Homestead Assn. v. The Hanover Insurance Co.,* No. 06-3511 WL 2873562 (E.D. La. Oct. 8, 2006); *Berry v. Allstate Ins. Co.,* No. 06-4922 WL 2710588 (E.D. La. Sept. 19, 2006); *So. Athletic Club, LLC v. Hanover Ins. Co.,* No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006); *Southall v. St. Paul Travelers Ins. Co.,* No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.,* No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006).  The undersigned agrees with the rationale set forth in these cases and the many others which have been issued by other sections of this Court rejecting such vast federal jurisdiction.

**B.     Diversity Jurisdiction**

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states. The Supreme Court has required that parties have complete diversity in order for diversity jurisdiction arising under 28 U.S.C. § 1332 to be invoked. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed. 437 (1996). Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state).

State Farm contends that the claims against Trascher, McCardle and Allgood should not be considered, as no cause of action lies against an insurance adjuster for the processing and handling of an insurance claim. Thus, according to State Farm, complete diversity exists between the plaintiff Ballay and defendant State Farm.

As stated by Judge Duval in *Edwards v. Allstate Property & Casualty Co.,* 2005 WL 221560 (E.D. La. Jan. 27, 2005):

\***3**  Louisiana courts and federal courts applying Louisiana law have recognized that, as a general rule, no cause of action lies against an insurance adjuster for processing and handling of an insurance claim.  *See Rich v. Bud's Boat Rentals, Inc.,* 1997 WL 785668 at \*3(E.D. La.)("This Court has found no case imposing a duty on an independent insurance adjuster to an insured to conduct a proper investigation or to advise an insured of covered issues.").  *Southern Hotels Ltd. P'ship v. Lloyd's Underwriters at London Cos.,* 1996 WL 48001 at \*1(E.D. La.)(granting insurance adjusters' motion to dismiss insured's claims of negligent investigation of claim on ground that insurance adjusters have no tort duty to insureds).  Furthermore, Louisiana courts have consistently held that as a general rule, there is no duty on the part of an insurance adjuster to advise a claimant of the proper prescriptive period. *Pellerin v. Cashway Pharmacy of Franklin, Inc.,* 396 So.2d 371, 373 (La.App. 1st Cir. 1981) ("As a general rule, there is no relationship existing between a claimant and the insurance adjuster on which a duty to inform of prescription can be based."); *Flowers v. U.S. Fidelity & Guaranty Co.,* 367 So.2d 744, 746 (La.App.1st Cir. 1974)(holding same).

\***3**  However, courts recognize an adjuster may owe a tort duty to an insured when an adjuster may have undertaken such duty.  *Pellerin v. Cashway Pharmacy of Franklin, Inc.,* 396 So.2d 371, 373 (La. App. 1 Cir. 1981)("[T]here may be circumstances in which the adjuster may be said to have undertaken such a duty.  Examples may include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, *misrepresentation and fraud*.")(emphasis added) (citation omitted); *See also, Alarcon v. Aetna Cas. & Sur. Co.,* 538 So.2d 696, 699 (La. App. 5th Cir. 1989)("[U]nder some circumstances a tort duty may exist in the settlement of an insurance claim.")  (*citing Pellerin, supra*); *Motin v. Travelers Ins. Co., Et al.,* No.Civ.A. 03-2487 at \*4 (E.D. La. 2003) (recognizing same); *Rich v. Bud's Boat Rentals, Inc.,* 1997 WL 785668 at \*3 (E.D. La.) (recognizing same). *See also, Lorinda Ross et ux. v. Allstate Ins. Co., et al.,* No.Civ.A. 04-1292 (E.D. La. filed July 7, 2004)(granting Motion to Remand for claims against adjuster for intentional/negligent infliction of emotional distress).  The Court also notes the following:  "Although an adjuster does not have an affirmative obligation to disclose information about the potential success of a claim, he has an obligation to be truthful when he undertakes to give a claimant information about the potential success of his claim when he knows or reasonably should know that the claimant is relying on the information that he provides to make important decisions about his claim."  46A C.J.S. *Insurance* § 1345(2004).

*See also Rich v. Bud's Boat Rentals,* 1997 WL 785668 (E.D. La. Dec. 18, 1997).

In his Petition, Ballay alleges the following against insurance adjusters Trascher, McCardle and Allgood:

XIII.

Defendants, EDDIE TRASCHER, MARVIN MCCARDLE and JAMES ALLGOOD, is individually liable for her acts in failing to adjust plaintiff's claim in good faith and her failure to disclose material information to Plaintiff causing further delay and damage to the Plaintiff as a result.

XIV.

Upon information and belief, EDDIE TRASCHER, MARVIN MCCARDLE and JAMES ALLGOOD arbitrarily and capriciously approved payments of policy proceeds to certain insureds of State Farm while denying payments for other insureds, including Plaintiff, when there was no basis in law or fact to do so since all the damage suffered by these insureds were caused by Katrina's wind, rain and tornadoes.

XV.

Throughout the course of the adjustment process, State Farm and its agents, adjusters and employees, some of whom may be named in this petition or any supplemental petition thereto, committed the following bad faith acts:

a) Failing to meet with Plaintiff at the insured property sitz to inspect the damage/destruction;

b) Advising the Plaintiff of a date and time to meet at the insured property site and failing to attend such meeting;

c) Approving payment to other policy holders whose claims were similar to the Plaintiff while denying Plaintiff's claim;

5

> d) Failing to properly investigate Plaintiff's claim to determine what effect the hurricane force winds and rain had on the property before any flood waters appeared;
>
> e) Advising Plaintiff that perils covered under the insurance policy caused the damage/destruction and that the policy limits would be paid; and then subsequently the insureds were advised differently;
>
> f) Issuing documents indicating that a peril covered by the insurance policy caused the damage/destruction to the insured premises and then revoking such decision.

Although most of the allegations made by Plaintiff against the insurance adjusters will not support a claim against them, as they represent alleged actions taken by them outside the scope of any possible duty whatsoever to the Plaintiff, the Court notes ¶ XV, §§(e) and (f), which seemingly fall within the exception to the general rule that the insurance adjuster has no duty to the insured. Specifically, ¶ XV, § (e), alleges that a representation by the adjusters was made to the insured, which ultimately was proved untrue; and ¶ XV, § (f), asserts that documents indicating coverage for the damage/destruction to the premises were issued by the adjusters, and were then revoked by a later-made decision.  These claims would appear to be the types described in *Edwards* and *Rich* upon which a reasonable possibility of recovery may exist.  The Court notes, as well, that there is no evidence before it at this time indicating sophistication in education of the parties, whatever actual or apparent authority may have existed and how reasonable reliance on such authority may have been by the Plaintiff, and what the documents referred to in § (f) may have included (or omitted) upon which to gauge the reasonableness of reliance by Plaintiff on any representations, either orally or in writing, by these insurance adjusters.  Accordingly, the Court cannot say, on the

basis of the allegations of the original Petition, that a reasonable basis for predicting imposition of liability under state law does not exist, considering these unchallenged factual assertions in the light most favorable to the Plaintiff.

## CONCLUSION

For these reasons, the Motion to Remand be and is hereby **GRANTED**, and this matter is remanded to the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana.

New Orleans, Louisiana, this __6th__ day of March, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**